[No. 19767. Department Two. August 14, 1926.]

## KING COUNTY, *Respondent,* v. FLORENCE P. EMBREE *et al., Respondents,* M. H. MARSTON *et al., Appellants.*[1]

[1] EMINENT DOMAIN (80)—COMPENSATION—VALUE OF LAND FOR SPECIAL USE. Evidence of the value of property for a special use was admissible in condemnation proceedings, making it error to give judgment n. o. v. where a verdict in a greater sum is supported by evidence of its fair market value for special purposes.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 30, 1925, favorable to the plaintiff in condemnation proceedings, notwithstanding the verdict of the jury, rendered in favor of the defendants. Reversed.

*John F. Dore, F. C. Reagan, T. M. Royce,* and *Poe, Falknor, Falknor & Emory,* for appellants.

*Ewing D. Colvin* and *Howard A. Hanson,* for respondent.

TOLMAN, C. J.—This action was prosecuted by respondent, as plaintiff, to condemn for a public use certain land situated in King county belonging to the defendants. Upon the trial to a jury, the plaintiff introduced evidence to the effect that the property was best adapted for residential purposes and that its market value as a whole was nine thousand dollars.

The owner testified that he had used it as a home and also as a chicken ranch, that it was fitted up and equipped with the necessary buildings and appliances for such special use, and gave his opinion as to value as follows:

"Q. Mr. Marston, do you know what in your opinion is the fair market value of this property as it

[1]Reported in 248 Pac. 383.

stands? A. I figure that twenty thousand dollars is a fair valuation. Q. And that is based upon the use to which you have put it to? A. Yes, sir.''

Another witness for the defense, after testifying as to its special fitness for use as a chicken ranch, placed the fair and reasonable market value of the land sought to be taken at eighteen thousand dollars, without limiting the value in any way to the special use; while another, who was familiar with its value for the special use only, was, on objection by the plaintiff, not permitted to give his opinion as to value.

The jury returned a verdict for eleven thousand five hundred dollars, whereupon the plaintiff moved for a judgment n. o. v. in the sum of nine thousand dollars, on the ground that there was no evidence to sustain a verdict for any greater amount. This motion was by the court granted and judgment entered accordingly, from which the defendants appeal.

[1] We fear the trial court misconceived both the law and the facts which were before the jury. As we read the record, none of the witnesses who were permitted to testify limited the value to one special use; but, even had they done so, we can not hold that would not be competent evidence upon which a jury might act.

We need not go beyond our own decisions for authority. *Ham, Yearsley & Ryrie v. Northern Pac. R. Co.,* 107 Wash. 378, 181 Pac. 898; *Ham, Yearsley & Ryrie v. Northern Pac. R. Co.,* 110 Wash. 467, 188 Pac. 527.

In the latter case, the former was discussed, and it was there said:

''An examination of the previous opinion discloses that the writer took great pains to discuss in detail every point raised, and laid down a specific rule for the guidance of the court in a retrial, which seems to

be as plain as the poverty of our language will permit. The rule was so stated as follows:

" 'A proper theory for the trial court to proceed upon, and admit and reject evidence and instruct the jury is the rule as stated in *Brack v. Mayor, etc., of Baltimore,* 125 Md. 378, 93 Atl. 984, Ann. Cas. 1916E 880, as follows:'

" 'The rule is that the market value of the land is to be estimated with reference to the uses and purposes for which it is adapted, and that any special features which may enhance its marketability may properly be considered. But the fact that the land is needed for the particular object sought by the condemnation is not to be regarded as an element of the value to be ascertained. The question is not what the property is worth to the condemning party, but what could probably be realized from its sale to any purchaser who might desire it for any or all of the purposes for which it is available.' "

Since a purchaser may desire a certain piece of property for some special use for which it is adapted, evidence of its value for such special use is permissible, and an owner may produce evidence of value for the highest, or best, use only, and leave the condemnor to show lesser uses and lesser values for such effect as that may have on the jury.

Reversed, with instructions to enter judgment on the verdict.

MACKINTOSH, PARKER, MAIN, and MITCHELL, JJ., concur.